FILED
NOV 08 2013
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IRENE NAJMOLA<br>322 Juniper Street, Apt. A23<br>Kennett Square, PA 19348<br><br>            Plaintiff,<br>v.<br><br>WOMEN'S HEALTHCARE GROUP OF<br>PA d/b/a CHESTER COUNTY OB/GYN<br>DIVISION<br>915 Old Fern Hill Road<br>West Chester, PA 19380<br><br>            Defendant. | CIVIL ACTION NO. 13-<br><br>**13    6519**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### I.   INTRODUCTION

AND NOW, comes Irene Najmola, by and through her attorney, Leo A. Hackett, Esquire, and brings this Complaint based upon the following:

1. Plaintiff brings this action seeking reinstatement and damages to address deprivation of rights to the Plaintiff pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §1621; the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.*; the Employee Retirement Income Security Act (ERISA) 29 U.S.C. 1001, *et seq*; and the Family and Medical Leave Act (FMLA), 29 U.S.C. §2001 *et seq.*

### II.   JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 1343(4) and 2201. This proceeding is authorized and instituted pursuant to the federal laws set forth

herein and supplemental jurisdiction of the claims under the Pennsylvania Human Relations Act. 28 P.S.C. §1367.

### III. PARTIES

3. The Plaintiff, Irene Najmola, was born on September 27, 1950 and resides at 322 Juniper Street, Apt. A23, Kennett Square, Pennsylvania 19348.

4. The Defendant, Women's Healthcare Group of Pennsylvania d/b/a Chester County OB/GYN Division, is a professional organization doing business in the Commonwealth of Pennsylvania with a principal place of business at 915 Old Fern Hill Road, West Chester, Pennsylvania 19380 and employs sufficient persons including all locations for coverage under the applicable statutes.

### IV. FACTUAL ALLEGATIONS

5. Plaintiff was employed by the Defendant on or about October 4, 2004 as a Medical Assistant.

6. During the course of her employment, the Plaintiff received favorable job performance evaluations. Plaintiff was terminated from her employment with Defendant on or about October 1, 2012.

7. On the date of termination of the Plaintiff's employment, she was scheduled to return to work from Short Term Disability (STD) which began on August 1, 2013. During the period of her STD, the Plaintiff offered to perform light duties for the Defendant, which offer was refused by the Defendant.

8. In the latter part of September 2012, the Plaintiff advised the Defendant that she was being released by her doctor to return to full-time employment by her doctor.

2

9. Defendant notified Plaintiff by letter dated September 24, 2012 that she was terminated effective October 1, 2012.

## **COUNT I – AGE DISCRIMINATION**

10. Plaintiff incorporates paragraphs 1-9 as though set forth in full herein.

11. During the latter part of Plaintiff's employment with the Defendant older workers were discriminated against in various ways:

    (a) one of which was that the younger workers were assigned to work with only one (1) doctor while older workers were made to work for more than one (1) doctor;

    (b) younger similarly situated employees were removed from hostile work environments while older workers were not;

    (c) the Defendant changed its policy of furloughing the last hired when reductions in force were necessary and older workers were laid off;

    (d) substantially younger similarly situated workers hired after the Plaintiff were not disciplined or terminated when they violated rules or procedures of the employer; and

    (e) younger workers were trained in new and special procedures while older workers were not.

12. The Plaintiff was replaced by a substantially younger employee.

13. The actions of the Defendant as to the Plaintiff were willful, wanton, and reckless.

WHEREFORE, the Plaintiff seeks reinstatement of her employment with the Defendant and damages for back pay, front pay, compensatory damages, liquidated damages, punitive damages, attorney's fees and costs.

## COUNT II – ERISA CLAIM

14. Plaintiff incorporates herein paragraphs 1-13 as though set forth in full herein.

15. The STD plan and benefit were part of an Employer Benefit Plan of the Defendant for the benefit of employees like the Plaintiff.

16. The Plaintiff had just completed a leave of absence covered by the STD and upon giving notice of intent to return to work was terminated from her employment by Defendant.

17. The actions of the Defendant as to the Plaintiff were willful, wanton, and reckless.

WHEREFORE, the Plaintiff seeks reinstatement of her employment with the Defendant and damages for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs.

## COUNT III – FMLA CLAIM

18. Plaintiff incorporates herein paragraphs 1-17 as though set forth in full herein.

19. Plaintiff was entitled to leave of twelve (12) weeks and the right to return to work thereafter.

20. Plaintiff qualified for FMLA leave.

21. Defendant failed to advise Plaintiff of her rights under FMLA.

22. Defendant terminated Plaintiff's employment for exercising her rights under FMLA.

WHEREFORE, the Plaintiff seeks reinstatement of her employment with the Defendant and damages for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs.

5

        Respectfully submitted,

        LAW OFFICES OF LEO A. HACKETT

BY: _____
        LEO A. HACKETT, ESQUIRE
        Attorney I.D. No. 08936
        102 Chesley Drive, Suite 1A
        Media, PA 19063
        (610) 565-7700
        Attorney for Plaintiff