IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IRENE NAJMOLA | : | NO. 13-cv-6519 |
| 322 Juniper Street, Apt. A23 | : | |
| Kennett Square, PA 19348 | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| WOMEN'S HEALTHCARE GROUP OF | : | |
| PA d/b/a CHESTER COUNTY OB/GYN | : | |
| DIVISION | : | |
| 915 Old Fern Hill Road | : | |
| West Chester, PA 19380 | : | |
| and | : | |
| WOMEN'S HEALTH CARE GROUP OF | : | |
| PENNSYLVANIA, LLC | : | |
| 450 Cresson Blvd., Suite 300 | : | |
| Oaks, PA 19456 | : | |
| and | : | |
| CHESTER COUNTY OB/GYN ASSOCIATES | : | |
| 450 CRESSON BLVD., SUITE 300 | : | |
| Oaks, PA 19456 | : | |
| and | : | |
| CHESTER COUNTY OB/GYN SERVICES | : | |
| D/B/A CHESTER COUNTY OB/GYN | : | |
| ASSOCIATES | : | |
| 701 East Marshall Street | : | |
| West Chester, Pennsylvania 19380 | : | |
| and | : | |
| THE CHESTER COUNTY HOSPITAL | : | |
| AND HEALTH SYSTEM | : | |
| 701 E Marshall St | : | |
| West Chester, PA 19380 | : | |
| Defendants. | : | |

## **AMENDED COMPLAINT**

### I. **INTRODUCTION**

AND NOW, comes Irene Najmola, by and through her attorney, Leo A. Hackett, Esquire, and brings this Amended Complaint based upon the following:

1. Plaintiff brings this action seeking reinstatement and damages to address deprivation of rights to the Plaintiff pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §1621; the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.*; the Employee Retirement Income Security Act (ERISA) 29 U.S.C. 1001, *et seq*; and the Family and Medical Leave Act (FMLA), 29 U.S.C. §2001 *et seq.*

## II. JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 1343(4) and 2201.  This proceeding is authorized and instituted pursuant to the federal laws set forth herein and supplemental jurisdiction of the claims under the Pennsylvania Human Relations Act. 28 P.S.C. §1367.

## III. PARTIES

3. The Plaintiff, Irene Najmola, was born on September 27, 1950 and resides at 322 Juniper Street, Apt. A23, Kennett Square, Pennsylvania 19348.

4. The Defendant, Women's Healthcare Group of Pennsylvania d/b/a Chester County OB/GYN Division, is a professional organization doing business in the Commonwealth of Pennsylvania with a principal place of business at 915 Old Fern Hill Road, West Chester, Pennsylvania 19380 and employs sufficient persons including all locations for coverage under the applicable statutes.

5. The Defendant, Women's Health Care Group of Pennsylvania, LLC, is a professional organization doing business in the Commonwealth of Pennsylvania with a registered office address of 450 Cresson Blvd., Suite 300, Oaks, PA 19456 and employs sufficient persons including all locations for coverage under the applicable statutes.

6. The Defendant, Chester County OB/GYN Associates is a professional organization doing business in the Commonwealth of Pennsylvania with a principal place of business at 450 Cresson Blvd., Suite 300, Oaks, PA 19456 and employs sufficient persons including all locations for coverage under the applicable statutes.

7. The Defendant, Chester County OB/GYN Services d/b/a Chester County OB/GYN Associates is a professional organization doing business in the Commonwealth of Pennsylvania with a principal place of business at 701 East Marshall Street, West Chester, Pennsylvania 19380 and employs sufficient persons including all locations for coverage under the applicable statutes.

8. The Defendant The Chester County Hospital and Health System is a professional organization doing business in the Commonwealth of Pennsylvania with a principal place of business 701 E Marshall St, West Chester, PA 19380 and employs sufficient persons including all locations for coverage under the applicable statutes.

**IV.    FACTUAL ALLEGATIONS**

9. Upon information and belief all of the above listed Defendants were employer(s) or joint employers of Plaintiff.

10. Upon information and belief Plaintiff was employed by the Defendant Chester County OB/GYN Associates on or about October 4, 2004 as a Medical Assistant in their West Chester Office. (A true and correct copy of the letter dated September 17, 2004, confirming the offer of employment with Chester County OB/GYN Associates is attached hereto as Exhibit "A").

11. Upon information and belief Chester County OB/GYN Associates is affiliated with The Health Network of The Chester County Hospital. (See Exhibit "A").

3

12.     As a condition of employment Plaintiff was required to execute a Confidentiality Agreement. The agreement is titled "Chester County OB/GYN Services, 600 East Marshall Street, Suite 305, West Chester PA 19380, Confidentiality Agreement," (A true and correct copy of the Confidentiality Agreement dated October 8, 2004 is attached hereto as Exhibit "B").

13.     The Confidentiality Agreement states that Plaintiff is an employee of Chester County OB/GYN Services.

14.     Upon information and belief Plaintiff was an employee of Chester County OB/GYN Services.

15.     There is no entity by the name of Chester County OB/GYN Services currently registered with the Pennsylvania Department of State.

16.     On or about July 21, 2005, Chester County OB/GYN Services filed an application for registration of the fictitious name "Chester County OB/GYN Associates" with the Pennsylvania Department of State Corporation Bureau. (A true and correct copy of the filed application is attached hereto as Exhibit "C").

17.     On or about December 29, 2009, Plaintiff received notice of an increase in salary from Chester County OB/GYN Associates.  (A true and correct copy of the letter dated December 29, 2009 is attached hereto as Exhibit "D").

18.     On or about March 25, 2011, Plaintiff received notice of an increase in salary from The Chester County Hospital and Health System. (A true and correct copy of the letter dated March 25, 2011 is attached hereto as Exhibit "E".)

19.     On September 28, 2012, a Fictitious Name Amendment was filed with the Pennsylvania Department of State Corporation Bureau for Chester County OB/GYN Associates, wherein the principal place of business was changed from 701 East Marshall Street, West

Chester, PA 19380 to 450 Cresson Blvd., Suite 300, Oaks, PA 19456. Women's Health Care Group of Pennsylvania, LLC, 450 Cresson Blvd., Suite 300, Oaks, PA 19456 was added to the registration and Chester County OB/GYN Services, 701 East Marshall Street, West Chester, PA 19380 was withdrawn from the business. (A true and correct copy of the amendment filed is attached hereto has Exhibit "F").

20. On or about September 26, 2012 Plaintiff received a letter, via Certified Mail, from Women's Healthcare Group of PA, Chester County OB/GYN Division, informing her that "upon review of our needs as we move to Women's Health Care Group of PA on October 1st 2012 we do not have a position to offer you at this time." A true and correct copy of the letter dated September 24, 2012 is attached hereto as Exhibit "G".

21. Plaintiff did not receive any other notification of the termination of her employment other than the certified letter dated September 24, 2014. (Exhibit "G")

22. Plaintiffs termination letter is signed by Alan M. Askinas, M.D., a physician who upon information and belief was employed by Chester County OB/GYN Services d/b/a Chester County OB/GYN Associates until September 28, 2012 when Chester County OB/GYN Services withdrew from the business and Women's Health Care Group of Pennsylvania, LLC was added to the registration of Chester County OB/GYN Associates. (See Exhibit F).

23. The September 24, 2012 termination letter was signed by Dr. Askinas however it is on the letterhead of Women's Healthcare Group of PA, Chester County OB/GYN Division.

24. Plaintiff received a copy of her personnel file, via mail, postmarked December 20, 2012 with return address of Women's Healthcare Group of PA, Chester County OB/GYN Division, 915 Old Fern Hill Road, West Chester, Pennsylvania 19380.

5

25. Plaintiff was scheduled to return to work on October 1, 2012, from Short Term Disability (STD) which began on August 1, 2013. During the period of her STD, the Plaintiff offered to perform light duties for her employer, which offer was refused by the employer.

26. In the latter part of September 2012, the Plaintiff advised her employer that she was being released by her doctor to return to full-time employment on October 1, 2012.

27. During the course of her employment, the Plaintiff received favorable job performance evaluations.

28. Plaintiff was terminated from her employment with Defendant on or about October 1, 2012, just when she was scheduled to return to work from her Short Term Disability.

29. Plaintiff filed a Complaint against Women's Healthcare Group of Pennsylvania on December 13, 2012.

30. Upon information and belief, Women's Healthcare Group of Pennsylvania did not claim that they were not Plaintiff's employer for purposes of Claimants EEOC Complaint.

31. Plaintiff filed the original Complaint in this action on November 8, 2013.

## COUNT I – AGE DISCRIMINATION

32. Plaintiff incorporates paragraphs 1-31 as though set forth in full herein.

33. During the latter part of Plaintiff's employment with the Defendants older workers were discriminated against in various ways:

    (a) one of which was that the younger workers were assigned to work with only one (1) doctor while older workers were made to work for more than one (1) doctor;

    (b) younger similarly situated employees were removed from hostile work environments while older workers were not;

  (c) the employer changed its policy of furloughing the last hired when reductions in force were necessary and older workers were laid off;

  (d) substantially younger similarly situated workers hired after the Plaintiff were not disciplined or terminated when they violated rules or procedures of the employer; and

  (e) younger workers were trained in new and special procedures while older workers were not.

34. The Plaintiff was replaced by a substantially younger employee.

35. The actions of the Employer as to the Plaintiff were willful, wanton, and reckless.

WHEREFORE, the Plaintiff seeks reinstatement of her employment with the employer and damages for back pay, front pay, compensatory damages, liquidated damages, punitive damages, attorney's fees and costs.

## COUNT II – ERISA CLAIM

36. Plaintiff incorporates herein paragraphs 1-35 as though set forth in full herein.

37. The STD plan and benefit were part of an Employer Benefit Plan of the employer for the benefit of employees like the Plaintiff.

38. The Plaintiff had just completed a leave of absence covered by the STD and upon giving notice of intent to return to work was terminated from her employment by her employer.

39. The actions of the employer as to the Plaintiff were willful, wanton, and reckless.

WHEREFORE, the Plaintiff seeks reinstatement of her employment with the employer and damages for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs.

## COUNT III – FMLA CLAIM

40. Plaintiff incorporates herein paragraphs 1-39 as though set forth in full herein.

41. Plaintiff was entitled to leave of twelve (12) weeks and the right to return to work thereafter.

42. Plaintiff qualified for FMLA leave.

43. Employer failed to advise Plaintiff of her rights under FMLA.

44. Employer terminated Plaintiff's employment for exercising her rights under FMLA.

WHEREFORE, the Plaintiff seeks reinstatement of her employment with the employer and damages for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs.

## COUNT IV – FRAUDULENT MISREPRESENTATION

45. Plaintiff incorporates herein paragraphs 1-44 as though set forth in full herein.

46. The only notice received by Plaintiff of termination of her employment was from Women's Healthcare Group of PA, Chester County OB/GYN Division, signed by Alan M. Askinas, M.D.

47. Upon information and belief, Defendant, Women's Healthcare Group of PA, Chester County OB/GYN Division falsely represented itself as Plaintiff's employer in the termination letter.

48. Upon information and belief, Defendant Chester County OB/GYN Services d/b/a Chester County OB/GYN Associates falsely misrepresented itself as Women's Healthcare Group of PA, Chester County OB/GYN Division in the September 24, 2012 termination letter to Plaintiff.

49. Upon information and belief defendants made this false representation with knowledge of its falsity or recklessness as to whether it was true or false.

50. Plaintiff justifiably relied upon the representation in the certified letter that the employer terminating her employment was Women's Healthcare Group of PA, Chester County OB/GYN Division.

51. In reliance upon defendants representation Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against Women's Healthcare Group of PA.

52. Upon information and belief Defendant Women's Healthcare Group of PA did not allege that they were not Plaintiffs employer in response to the EEOC Complaint.

WHEREFORE, the Plaintiff seeks reinstatement of her employment with the employer and damages for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs.

Respectfully submitted,

LAW OFFICES OF LEO A. HACKETT


BY:_____
    LEO A. HACKETT, ESQUIRE
    Attorney I.D. No. 08936
    102 Chesley Drive, Suite 1A
    Media, PA 19063
    (610) 565-7700
    Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2014, a true and correct copy of the foregoing Amended Complaint was served electronically on the following:

Todd J. Shill
John R. Martin
Rhoads & Sinon LLP
One South Market Square
P.O. Box 1146
Harrisburg, PA 17108-1146
tshill@rhoads-sinon.com
jmartin@rhoads-sinon.com

Respectfully submitted,

LAW OFFICES OF LEO A. HACKETT

BY:_____
    LEO A. HACKETT, ESQUIRE
    Attorney I.D. No. 08936
    102 Chesley Drive, Suite 1A
    Media, PA 19063
    (610) 565-7700
    Attorney for Plaintiff
    lhackett@lahackettlaw.com